UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

VALERIE K. SMITH, #1080429,

        Petitioner,

v.                                                                     ACTION NO. 2:15cv428

HAROLD W. CLARKE,
Director of the Virginia
Department of Corrections,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Valerie K. Smith's *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 17, and the respondent's motion to dismiss, ECF No. 23. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 23, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 17, be **DENIED** and **DISMISSED WITH PREJUDICE.**

# I. STATEMENT OF THE CASE

## A. Background

### 1. Valerie Smith's offenses and sentence

Valerie K. Smith ("Smith") is in state custody pursuant to convictions in the Circuit Court for the City of Newport News. On September 5, 2001, a jury convicted petitioner of three counts of robbery, one count of armed burglary, and three counts of use of a firearm in the commission of a felony. *Commonwealth v. Smith*, Nos. 01-4622 to 01-4628 (Va. Cir. Ct. Sept. 5, 2001). On October 17, 2001, Smith was sentenced to 58 years in prison, with 15 years suspended, for a 43-year active term of incarceration.

### 2. Smith's direct appeals and state collateral review

Smith appealed her convictions, through counsel, to the Court of Appeals of Virginia, arguing that the trial court erred (a) in denying her motion to strike for cause three potential jurors whose ability to view the evidence fairly and impartially was in question, and (b) in denying her motion to set aside the verdict where the evidence was insufficient to prove guilt beyond a reasonable doubt. Record No. 2849-01-1 (Jan. 8, 2002). The Court of Appeals denied her petition for appeal in a one-judge order entered March 27, 2002. Record No. 2849-01-1 (Mar. 27, 2002). One year later, on April 2, 2003, Smith, proceeding *pro se*, filed her first petition for a writ of habeas corpus in the Supreme Court of Virginia. Record No. 030708 (Apr. 2, 2003) ("First State Habeas Pet.") In that petition, Smith alleged ineffective assistance of counsel based on the fact that counsel failed to perfect her appeal as she requested by failing to properly mail the request for oral argument to the Court of Appeals. First State Habeas Pet. at 5. Smith asked the court to "grant [her] habeas corpus petition and enter an order granting leave to file a delayed request for oral argument in the Court of Appeals of Virginia or at least a delayed

petition for appeal to the Supreme Court of Virginia." First State Habeas Pet. at 6. On October 1, 2003, the Supreme Court of Virginia granted Smith's petition for a writ of habeas corpus, permitting her to seek review by a three-judge panel of the one-judge denial order issued by the Court of Appeals. Record No. 030708 (Oct. 1, 2003). Smith sought review, and a three-judge panel of the Court of Appeals denied Smith's petition for appeal on March 19, 2004. Record No. 2849-01-1 (Mar. 19, 2004). Smith, through counsel, then appealed to the Supreme Court of Virginia. Record No. 040635 (Mar. 23, 2004). The Supreme Court of Virginia refused her petition for appeal on July 12, 2004. Record No. 040635 (July 12, 2004).[1]

On June 16, 2005, Smith, proceeding *pro se*, filed a second petition for a writ of habeas corpus in the Supreme Court of Virginia, Record No. 051237 (June 16, 2005) ("Second State Habeas Pet."), alleging, in summary, the following claims:

    I.    She was denied her constitutional right to a fair and impartial jury when the trial judge refused to strike prospective juror McElwee for cause and failed to hold a hearing "to make a more probing substantive inquiry once [McElwee's] prejudice ... was unequivocally stated";

    II.    She was denied her constitutional right to a fair and impartial jury when the trial judge refused to strike prospective jurors Bickerstaff and Bridges for cause and "failed to inquire to the jurors [Bickerstaff and Bridges] further questions for rehabilitation regarding possible predilections concerning police testimony";

    III.    There was insufficient evidence to convict Smith because the in-court identification of her as the criminal actor was "tainted" by a "suggestive pretrial identification" and should have been suppressed;

    IV.    Trial counsel provided ineffective assistance, for 18 enumerated reasons; and

---

[1] Smith, through counsel, filed a petition for appeal in the Supreme Court of Virginia on October 20, 2003. Record No. 032428 (Oct. 20, 2003). On December 3, 2003, Smith, through counsel, moved to withdraw the petition as prematurely filed. Record No. 032428 (Dec. 3, 2003). By order dated January 20, 2004, the Supreme Court of Virginia permitted Smith to withdraw her appeal and considered it withdrawn. Record No. 032428 (Jan. 20, 2004). Smith then refiled her petition for appeal on March 23, 2004. Record No. 040635 (Mar. 23, 2004).

3

> V.  Appellate counsel provided ineffective assistance when he (a) failed to raise claims of ineffective assistance of counsel on direct appeal; (b) failed to timely appeal in the Court of Appeals; and (c) "refused to amend the Habeas Corpus petition with additional claims to the Assignment of Error on the delayed appeal."

Second State Habeas Pet. at 9–20. On October 13, 2005, the Supreme Court of Virginia dismissed Smith's second petition for a writ of habeas corpus. Record No. 051237 (Oct. 13, 2005). The Court found that claims I, II, III, and two grounds of claim IV were procedurally barred, as the facts pertaining to the claims were known to Smith prior to the filing of her first state habeas petition and were not raised in that petition. *Id.* at 4–5. The Court found that the remaining claims were without merit. *Id.* at 5–6.

**B.  Smith's federal habeas filing and the claim alleged**

On or about June 25, 2015, Smith mailed a federal petition for a writ of habeas corpus to the United States District Court for the Western District of Virginia. Record No. 7:15cv373, ECF No. 1 at 85. On August 28, 2015, the district court conditionally filed Smith's petition, assessed a $5.00 filing fee, and directed her to file a "consent to withholding" form or apply to proceed *in forma pauperis*. ECF No. 3. The court noted that neither Smith nor a person authorized on her behalf signed the petition under penalty of perjury, and therefore directed Smith to submit a properly executed verified petition within ten days. ECF No. 3. The court received the filing fee on September 9, 2015.

On September 23, 2015, the petition was transferred to this Court. ECF Nos. 9, 10. On November 2, 2015, this Court determined that the petition, set forth in the form of an 85-page pleading, failed to furnish "much of the information needed to proceed in a habeas case" and accordingly ordered Smith to file an amended petition within 30 days, using the form titled "Petition for Relief from a Conviction or Sentence By a Person in State Custody." ECF No. 11.

On December 2, 2015, Smith moved for an extension of time to file her petition. ECF No. 12. This Court granted her motion on December 4, 2015, ECF No. 13, and she filed an amended petition on January 4, 2016, ECF No. 14. The Court noted that Smith did not sign the petition; instead, an attorney – a member of the Maryland bar who volunteered to offer Smith limited legal assistance – signed on her behalf. ECF No. 16. Consequently, the Court filed Smith's amended petition "subject to defect" and ordered her to file an amended petition, signed by her, by February 25, 2016. ECF No. 16. Smith filed her second amended petition, which included her signature, on February 10, 2016. ECF No. 17.

Smith alleges she is entitled to relief under 28 U.S.C. § 2254 based on three grounds summarized below:

1. Ground One: Ineffective Assistance of Counsel:
Trial counsel provided ineffective assistance when he failed to: (a) obtain the police report of the robbery "which clearly indicates that the Petitioner was not positively identified by the victims of the robbery"; (b) obtain and use at trial "the record of the disposition of the charges, identical to those brought against Petitioner, that were brought against the two [juvenile] suspects . . . who pled guilty to the charges"; (c) submit to the trial court a notarized affidavit from a material witness who "could attest to the fact that Petitioner was at his house at the time the robbery occurred, and Petitioner did not have access to a vehicle and thus had no occasion to have even a chance encounter with [the juvenile suspects]"; (d) "obtain testimony from [the material witness] through deposition or recorded telephone conversation"; and (e) file a post-conviction petition challenging the trial judge's refusal to grant defense counsel's motion to strike three prospective jurors for cause. Post-conviction counsel provided ineffective assistance when he failed to amend the habeas corpus petition filed with the Supreme Court of Virginia to include additional claims;

2. Ground Two: Prosecutorial Misconduct:
The Commonwealth committed prosecutorial misconduct by: (a) failing to turn over to defense counsel the police report of the robbery, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (b) failing to turn over to defense counsel the record of the disposition of charges against the other two suspects, in violation of *Brady*;

5

and (c) informing the jury in closing argument that it could consider Smith's prior felony conviction in assessing her credibility, in violation of the Virginia Rules of Evidence; and

3. Ground Three: Judicial Abuse of Discretion:
The trial court abused its discretion, in violation of the Virginia Canons of Judicial Conduct, by: (a) interrupting defense counsel's opening statement on three occasions but not interrupting the Commonwealth's opening statement; (b) denying defense counsel's motion to strike three prospective jurors for cause; and (c) misstating, in an "inflammatory" manner, a statement Smith allegedly made during the commission of the crime.

ECF No. 17 at 6–13.

On April 13, 2015, respondent filed a Rule 5 answer and motion to dismiss. ECF Nos. 23, 24. Smith did not respond. The petition for a writ of habeas corpus is ripe for consideration.

## II. ANALYSIS

### A. Smith's federal habeas petition was not timely filed.

Smith's petition is time-barred by the federal statute of limitations. Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), section 2254 petitioners are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The relevant sections of the statute provide that the one-year period begins to run from the *latest* of "the date on which the judgment became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), and "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D). This time period tolls when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. § 2244(d)(2).

### 1. Commencement of the statute of limitations

Under 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations may run from "the date on which the judgment became final by the conclusion of direct review," Smith

filed her federal habeas petition nine years too late. The Supreme Court of Virginia refused Smith's direct appeal on July 12, 2004. Her conviction became final 90 days later, on October 10, 2004, at the expiration of her time to file a petition for certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13(1) (directing that a notice of appeal must be filed within 90 days after entry of final judgment); *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (holding that a judgment became final when the 90 day period for filing a petition for certiorari with the United States Supreme Court expired).

If Smith had not filed a state habeas petition, she would have had until October 10, 2005, to file her federal habeas petition. However, because Smith properly filed a petition for state post-conviction relief, "the running of the period is suspended for the period when state post-conviction proceedings [were] *pending* in any state court." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Filing a state petition does not restart the federal limitations period, it simply tolls it.

Smith filed her second state habeas petition on June 16, 2005. The state habeas petition was pending 119 days, until October 13, 2005. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), Smith had until February 6, 2006 to file her federal habeas petition. Smith transmitted her federal petition to the United States District Court for the Western District of Virginia on June 25, 2015, over nine years after that limitations period had expired. As a result, Smith's petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### 2. Belated commencement of the statute of limitations

A petitioner may be entitled to belated commencement of the statute of limitations under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered *through*

*the exercise of due diligence*," if that date is later than the date the conviction became final. (emphasis added). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence does require, however, that a prisoner at least make "*reasonable* efforts to discover the facts supporting [her] claims." *Id.* (citing *Aron*, 291 F.3d at 712).

Smith bases certain claims for ineffective assistance of counsel and prosecutorial misconduct – claims 1(a), 1(b), 2(a), and (2)(b) – on the fact that defense counsel did not obtain, nor did the prosecutor turn over, the police report of the robbery or the records containing the disposition of charges for the juvenile suspects who pleaded guilty (Smith's alleged confederates), and that those documents were not presented at trial. ECF No. 17 at 6–7, 9–11, 19. Smith argues that the documents constitute "newly discovered evidence unavailable to Petitioner when state remedies were being sought," ECF No. 17 at 6, and that the documents "contain exculpatory evidence that could have materially altered the outcome of the trial." ECF No. 17 at 19.

In particular, Smith asserts that the report prepared by the Newport News Police Department "clearly indicates that the Petitioner was not positively identified by the victims of the robbery," ECF No. 17 at 7, and shows that only one of the juvenile suspects was found in possession of the property stolen during the robbery, ECF No. 17 at 10. According to Smith, the report "underscores the weaknesses and inconsistencies in the testimony of the prosecutor's witnesses" who testified that they did not clearly see the face of the robbery suspect in question during the commission of the offense. ECF No. 17 at 7.

Smith also claims that the records of the disposition of charges filed against the juvenile suspects are favorable to her and should have been presented at trial. ECF No. 17 at 7, 10, 19. Because the juvenile suspects were sentenced one month before her indictment, Smith maintains that the records were "available to defense counsel to present to the jury." ECF No. 17 at 7. The records indicate that "the armed burglary charge against [the juvenile suspects], for which Petitioner was sentenced to 25 years, was 'nolle prossed' by motion of the Commonwealth Attorney." ECF No. 17 at 10. According to Smith, if the jury had known that the Commonwealth "had insufficient evidence to prosecute [the juvenile suspects] on the armed burglary charge, it may have determined that Petitioner should [have been] accorded the same treatment." ECF No. 17 at 10. Further, the records show that the juvenile suspects "received no jail time; they received probation and were ordered to perform 250 hours of community service and to pay restitution." ECF No. 17 at 7. Smith contends that "if the jury in Petitioner's case [had been] made aware of the sentences given to [the juvenile suspects] for the same offenses that Petitioner allegedly committed, it is highly unlikely that there would have been such a gross disparity between their sentences and the 58-year sentences that Petitioner received." ECF No. 17 at 7-8.

Smith has not demonstrated that she is entitled to a belated commencement of the statute of limitations under section 2244(d)(1)(D). Smith does not specify when she received the police report, but she does state that she did not receive the record of the disposition of charges until April 2014. ECF No. 17 at 11. Both the police report and the disposition records were in existence before or around the time of Smith's trial in 2001. ECF No. 1-1 at 5 (police report dated January 19, 2001); ECF No. 17 at 7 (noting that the juvenile suspects were sentenced more than one month before the date of Smith's indictment). By exercising due diligence, Smith could

have learned of the information contained in these documents well before April 2014, when over 12 years had passed since the date of her conviction and over 9 years had passed since her conviction became final.

Moreover, Smith's own exhibits suggest she may have had access to the police report as early as March 2008, when the Newport News Police Department sent the report to an attorney in response to a Freedom of Information Act ("FOIA") request filed on February 27, 2008. ECF No. 1-1 at 4–15. Although the Court cannot be certain that Smith obtained the report at this time (or that the attorney who received the report in March 2008 was acting on Smith's behalf), the fact that the report was obtained pursuant to a FOIA request underscores the conclusion that, during the lengthy period of delay, Smith failed to exercise due diligence in discovering the factual predicates for certain claims she now presents. Similarly, Smith's exhibits show that she received the disposition records as the result of a request she submitted in April 2014 to the Newport News Juvenile & Domestic Relations Court, ECF No. 1-1 at 48, a request she could have made years earlier.

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden of proving that she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). The documents in question existed at or around the time of Smith's conviction in 2001, and were evidently available to Smith through routine requests for public records. Smith has not demonstrated that she made reasonable efforts to obtain the documents during the over ten-year delay between the time her conviction became final and the submission of her present petition. *See Anjulo-Lopez*, 541 F.3d at 818. Accordingly, Smith is not entitled to a belated commencement of the limitations period.

Finally, even assuming Smith could not have discovered the documents or the facts contained in them until April 2014, an assumption that the Court rejects in this case, the federal period of limitations would have expired, at the latest, in April 2015. Smith first submitted her federal habeas petition raising claims arising out of the police report and the disposition records on June 25, 2015, nearly two months too late.

## B. Smith is not entitled to equitable tolling.

Although AEDPA's statute of limitations provision is subject to equitable tolling, the petitioner bears the burden of demonstrating that (1) she pursued her rights diligently, and (2) some extraordinary circumstance stood in her way that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Harris*, 209 F.3d at 329–30. Moreover, courts must reserve application of equitable tolling to situations in which, "due to circumstances external to the party's own conduct," enforcement of the AEDPA one-year limitations period would be "unconscionable" and result in "gross injustice." *Harris*, 209 F.3d at 330.

Smith argues that she is entitled to equitable tolling for the three following reasons:

> First, after [defense counsel] filed the first direct appeal, Petitioner urged him to file a supplemental amendment to include issues that Petitioner believed were critical to a successful appeal, but [defense counsel] refused to do so. Petitioner proceeded to prepare a habeas corpus petition but was severely hampered by a lack of resources and understanding of the law. The court failed to recognize Petitioner's filing as supplemental to the appeal filed by [defense counsel]. It denied Petitioner's supplemental claims because Petitioner did not submit a complete habeas corpus petition.
>
> Second, during her incarceration Petitioner's ability to gain an understanding of the relevant laws, guidelines and procedures were adversely affected by limited access to Fluvanna Correctional Center's law library. Prison policy and rules require the 1200-1300 inmates housed at Fluvanna to request appointments in advance for time in the law library. As a result, Petitioner was only able to receive limited time slots for using the library.

>Third, and more important, the police report and the disposition of charges record for the suspects who pled guilty -- documents only made available to Petitioner long after exhausting all of her state remedies -- contain exculpatory evidence that could have materially altered the outcome of the trial. Petitioner believes that the absence of the evidence contained in these documents at trial contributed significantly to her wrongful conviction. This evidence is critical to a favorable decision on this petition that will remedy a serious miscarriage of justice.

ECF No. 17 at 19.

Smith has failed to demonstrate that she is entitled to equitable tolling. She has not established that any extraordinary circumstance prevented timely filing, nor has she proven that she pursued her rights diligently. *See Holland*, 560 U.S. at 649.

First, Smith indicates that, after her attorney declined to amend her appeal as requested, she filed a *pro se* habeas petition in order to raise the claims he failed to include. ECF No. 17 at 19. Smith asserts that her efforts in this regard were "severely hampered by a lack of resources and understanding of the law." ECF No. 17 at 19. A lack of understanding of the law, however, does not entitle Smith to equitable tolling. *Cf. United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling"). Likewise, a lack of resources will not toll the statute of limitations. *See, e.g., Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (noting that "lack of access to legal resources does not typically merit equitable tolling").

Second, and similarly, Smith alleges that her limited access to the prison's law library hindered her prior efforts to understand the law and successfully seek habeas relief. Such an obstacle does not provide a basis for equitable tolling. *See, e.g., Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding that "[o]rdinary prison limitations on [petitioner's] access to the law library and copier" did not entitle petitioner to equitable tolling during the relevant time period, as such limitations "were neither 'extraordinary' nor made it 'impossible' for him to file his

petition in a timely manner"); *Earl*, 556 F.3d at 724 (8th Cir. 2009) (deciding that petitioner's limited access to the prison law library did not toll the statute of limitations when petitioner did not diligently pursue his rights); *Edwards v. Warden, Greenville Correctional Ctr.*, No. 1:12cv969, 2013 WL 4040393, at *2 (E.D. Va. Aug. 8, 2013) ("Courts are in universal agreement that limited access to a prison law library does not establish extraordinary circumstances warranting equitable tolling of the limitations period.") (collecting cases).

Third, the Court rejects Smith's argument that she is entitled to equitable tolling based on the fact that the police report and the disposition of record were not "available" to her until "long after [she] exhaust[ed] all of her state remedies." ECF No. 17 at 19. As discussed above, Smith did not pursue her rights diligently during the lengthy period of delay. *See Holland*, 560 U.S. at 649. If Smith had exercised "reasonable diligence," *id.* at 653, she could have promptly discovered the documents and filed an appropriate habeas petition. The limitations period will not toll when Smith does not explain her failure to do so. *See Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) ("[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (citing *Akins v. United States*, 204 F.3d 1086, 1089–90 (11th Cir. 2000))).

### III. RECOMMENDATION

Smith's federal habeas petition is barred by the statute of limitations and Smith has not demonstrated that she is entitled to equitable tolling. Accordingly, the Court **RECOMMENDS** that respondent's motion to dismiss, ECF No. 23, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 17, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 19, 2016